# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.964.1178

Fax. 212.208.2914

siobhan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

November 13, 2023

**VIA ECF**
The Honorable Judge Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 15D
New York, New York 10007

    Re: **Rasheida Alston v. Mutual Housing Association of New York Management, Inc. et al.**
       **Case No.: 1:23-cv-02080-AT**

Dear Honorable Judge Torres:

  We represent Plaintiff Rasheida Alston ("Plaintiff") in the above-referenced matter. We write jointly with Defendants, pursuant to this Court's September 11, 2023, Order. Dkt. 20.

1. **Brief Description of the Case**

  a. Claims

  Plaintiff brings this case against Defendants to remedy claims of race discrimination and retaliation in violation of Title VII, 1964 Civil Rights Act, 42 U.S.C. § 2000, *et seq.*, for race and disability discrimination under the New York State Human Rights Law, NYS Executive Law §296, *et seq.*, and the New York City Rights Law, Administrative Code of the City of New York § 8-101, *et seq.*, and disability discrimination and retaliation in violation of the American with Disabilities Act, 42 U.S.C. §12101 *et seq*. Plaintiff alleges that she was subjected to a racially hostile work environment. Once Plaintiff complained, Defendants retaliated against her by placing Plaintiff on furlough and ultimately terminating her employment. In addition, Defendants violated Plaintiff's rights by disclosing her COVID-19 diagnosis, a violation under the Americans with Disabilities Act, in a mass email to all of their employees for opposing the discriminatory treatment.

  b. Defenses

  Defendants dispute all of Plaintiff's material allegations. Plaintiff was one of MHANY's most senior and highly paid employees during her tenure. She was never subjected to any adverse

employment action based on her race, disability, or any other protected characteristic and not once did she ever complain of any sort of discrimination during the course of her employment at MHANY. On March 15, 2020, two days after the United States was declared to be in a state of national emergency but before businesses were shut down, Alston informed Defendant Speliotis that she had been diagnosed with COVID-19. Concerned about the well-being of MHANY's employees, who were still coming to the office in person and had had physical interactions with Alston, Speliotis informed a small group of people of Alston's diagnosis for the explicit purpose of making sure they got checked and did not potentially spread the virus further. A few days later, as a result of COVID-19, MHANY closed down its offices and faced significant financial struggles in the following months forcing it to furlough or terminate the employment of a number of employees, including Alston. Alston's furloughing and subsequent employment termination was an unfortunate consequence of the COVID-19 pandemic and had nothing to do with Alston's race, Alston's diagnosis, or any alleged discrimination complaints she made.

### 2. Any Contemplated Motions

At this point, the parties do not contemplate making any motions. Defendants may move for summary judgment following paper discovery and depositions.

### 3. Prospect of Settlement

At this time, it is premature to assess whether there is a prospect for a settlement. The parties were scheduled to have mediation on October 5, 2023, but it was canceled at the Defendants' request because they wanted to complete more discovery before mediation was held.

We thank the Court for its attention in this matter.

Respectfully submitted,
GODDARD LAW PLLC

*/s/ Siobhan Klassen*

By: Siobhan Klassen, Esq.

cc: All counsel [*Via ECF*]