

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/18/2025

March 17, 2025

**VIA ECF**
Honorable Analisa Torres
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *Alston v. Mutual Housing Association of New York Management, Inc. et al*
           Civil Case No. 1:23-cv-02080-AT

Dear Judge Torres:

    We represent Defendants in the above-referenced matter. Pursuant to Your Honor's Practices and Procedures, Rule II(C), we submit this joint letter seeking a conference regarding two outstanding discovery items. As fact discovery is coming to an end, the parties have managed to amicably work together and, for the most part, resolve discovery disputes amongst themselves without court interference. However, despite their best efforts, the parties have been unable to come to an agreement as to two issues, which are presented herein.

**Certification of Conferral in Good Faith**

    Pursuant to Fed.R.Civ.P. 37(a)(1) and Your Honor's Individual Rules, Defendants certify that, prior to making the instant application, the parties have met and conferred in good faith in an effort to resolve the within discovery disputes. Those efforts included various emails and phone calls from February 6, 2024 through March 14, 2025, with the latest meet-and-confer call having transpired on Wednesday, March 12, 2025 between the undersigned and Megan Goddard, Esq.

**Defendants' Position**

    **1. Plaintiffs' Tax Returns for the Years 2020-2021**

    Defendants seek to compel Plaintiff's tax returns for the years 2020 and 2021, as information regarding Plaintiff's post-termination income is critical to Plaintiff's economic damages claim. Specifically, there is a period of time from around May 2020 (when Plaintiff was placed on furlough

Honorable Analisa Torres
March 17, 2025
Page 2

by MHANY) to July 2021 (when Plaintiff gained subsequent employment at the DOE) (hereinafter "the Disputed Period") where Defendants have no documents or information regarding her income or mitigation efforts. Specifically, as communicated to Plaintiff's counsel, Defendants are interested in seeing the income listed in lines 1a-15 of IRS Form 1040. The tax returns may be marked "confidential" and sensitive information such as social security numbers, names of dependents etc. may be redacted.

At the outset, Defendants recognize that tax returns are private and not readily discoverable which is why Defendants have tried to obtain information regarding Plaintiff's post-termination income via other sources before making the instant motion. Nevertheless, courts in the Second Circuit have found that tax returns are discoverable where they are: (1) "relevant to the subject matter of the action" and (2) "the information is not readily obtainable from a less intrusive source." *Ellis v. PB Ventilating Sys., Inc.*, No. 23-CV-04629 (HG), 2023 WL 7179311, at *2 (E.D.N.Y. Nov. 1, 2023).

Here, Defendants satisfy both of these prongs. First, Plaintiff's post-termination income in the Disputed Period from MHANY is relevant in calculating her alleged economic damages. Specifically, Plaintiff alleges that she was terminated from her employment at MHANY as a result of her race and in retaliation for complaining about Defendants' disclosure of her Covid-19 status and is seeking "Defendants to make Plaintiff whole for all earnings she would have received but for Defendants' discriminatory and retaliatory treatment, including but not limited to, lost wages, pension, and other benefits". *See* Complaint, Wherefore Clause, p. 16.

Second, despite Defendants' good faith efforts that spanned for over a year, they have still been unable to obtain credible and accurate information regarding Plaintiff's income or mitigation efforts in the Disputed Period. Frankly, Plaintiff has not been forthcoming about her income in the year following her discharge from MHANY. During her deposition, Plaintiff testified that during the Disputed Period, from May 2020 up until July 2021, she was not employed or self-employed. Alston Tr. 235:202-5. Relevant extracts of Plaintiff's deposition transcript are annexed hereto as **Exhibit A**. However, Plaintiff's resume, which she submitted during discovery, states that Plaintiff worked for "Adams Buckner Advisors LLC" from "August 2020 - Jan. 2024." See **Exhibit B**. Plaintiff's LinkedIn Profile also reveals that, in addition to Adams Advisors LLC, she worked at "Forte Foundation" from "November 2019-August 2022". See **Exhibit C**.

When confronted with her resume and asked why Plaintiff had not mentioned Adams Buckner when asked about her employment post-termination from MHANY earlier in the deposition, Plaintiff could not provide an answer. Alston Tr. 255:3-8. Plaintiff conceded that she worked as an independent consultant for Adams Bucker but could not recall the income that she made in 2020 and 2021. *Id.* 259:5-8, 260:20-25. Plaintiff further confirmed that Adams Buckner paid her by check but that she does not have these checks in her possession. Alston Tr. 266:20-25 ("Q. How would Adams Buckner pay you? A. That compensation was via a check, I believe. Q. Do you still have those checks? A. No, I wouldn't. I wouldn't.")

Honorable Analisa Torres
March 17, 2025
Page 3

      Significantly, Plaintiff confirmed that her tax returns are the only sources of documents which would show her gross income for the Disputed Period.

> Q. Did you file tax returns for the year of 2020?
> A. Yes.
> Q. In those tax returns was your gross income listed?
> A. Probably, yes.
> Q. Aside from your tax returns are there any other documents in which – in which one could look to ascertain your gross income for the year of 2020?
> A. No. Outside -- no. My taxes and the unemployment piece.
> Q. Off the top of your head you don't remember what that number is right now?
> A. No.
> Q. In 2021 do you remember the gross income that you made that year?
> A. No.
> Q. Did you file tax returns for 2021?
> A. For the year that I worked 2021, yes.
> Q. In those tax returns did you list your gross income?
> A. Yes. It would have been there.
> Q. Aside from the tax returns that you filed in 2021 would there be any other document that would show your gross income for 2021?
> A. No, but I did have unemployment so those documents.

Alston Tr. 260-262.

      Following my meet and confer call with Plaintiff's counsel, on March 14, 2025 Plaintiff produced a single 1099 Form showing income received from Adams Bucker in 2022. Plaintiff provided no documents showing any type of income from Adams Buckner during the Disputed Period, even though both her paper resume and online LinkedIn specifically state that she worked for such company during that period. In addition, Plaintiff produced no documents whatsoever showing any mitigation efforts during the Disputed Period, nor any income made during that period.[1] To the extent that there are any documents showing Plaintiff's mitigation efforts in the Disputed Period, Plaintiff should produce those forthwith or state that such documents do not exist.

      To clarify, Defendants were under the impression that all documents regarding Plaintiff's mitigation efforts had been produced prior to her deposition. However, given Plaintiff's recent, belated supplemental production (which is discussed below), Defendants reached out to Plaintiff to

---

[1] Though Plaintiff has produced hundreds of pages in discovery showing employment applications submitted from December 2021 and thereafter, those are ultimately irrelevant since Plaintiff conceded that she is not seeking economic damages following July 2021, when she gained subsequent employment at a higher salary than MHANY.

ensure that their production of documents relating to mitigation efforts was complete. Plaintiff refuses to provide such answer and instead states, vaguely, that "if there are responsive documents, they only show mitigation efforts and have no bearing on liability and their production should not result in another delay in this case."

### 2. Extension of Discovery Deadline to Allow Defendants to Review Plaintiff's Belated Production of Documents

On November 14, 2023, Defendants served document requests upon Plaintiff seeking, *inter alia*, "documents reflecting or constituting communications between Plaintiff and any present or former employee of defendants or any third party concerning any claim asserted in the Complaint" (RFP No. 11) and "Duly executed unrestricted authorizations for the office records of any hospital, physician, psychologist, psychotherapist, social worker or health care practitioner with whom Plaintiff consulted or was treated…" (RFP No. 69).

Plaintiff had not previously objected to those requests and she, in fact, did produce various medical records as well as text messages with Olivia Leirer, wherein she made references to the alleged discrimination she faced at MHANY. It was our understanding that Plaintiff's production, made over a year ago, was complete, especially since we had discussed with Plaintiff's Counsel, Siobhan Klassen, Esq., that we only wished to proceed forward with Plaintiff's deposition following the completion of Plaintiff's document production.

Unbeknownst to us, last week Plaintiff suddenly produced a number of responsive and relevant documents that should have been produced a year ago. On March 13, 2025, Plaintiff produced a number of medical records. On March 14, 2025, the day when Ms. Leirer's deposition was scheduled pursuant to a subpoena, Plaintiff produced 24 pages of text messages between Plaintiff and Ms. Leirer. Upon review of the text messages, we soon realized that the text message chain was incomplete. During our March 12th meet-and-confer call, as well as on subsequent emails, Plaintiff agreed to produce the rest of the text messages by March 14th. At 2:40 p.m. on March 17, 2025, on the deadline of fact discovery, Plaintiff produced a total of 168 pages of text messages between her and Ms. Leirer, the vast majority of which were never previously produced. Given the breadth of this production, Plaintiff's representation that "some text messages were inadvertently cut-off" is inaccurate.

To clarify: in the week between March 12 – March 17, 2025, Plaintiff has produced more than 200 pages of documents that were requested back in 2023 but never produced and after Defendants took Plaintiff's deposition with the understanding that her document production was complete. Defendants request a short extension of the discovery deadline to review Plaintiff's belated production, as well as any forthcoming documents to determine if any further steps need to be taken with respect to such documents.

Honorable Analisa Torres
March 17, 2025
Page 5

**Plaintiffs' Position**

Plaintiff objects to any discovery extension as Defendants have known about these disputes for over a year and are waiting until the last day of discovery to bring it to the Court's attention, which is especially egregious considering they already made an extension request in December 2024, and have not brought up any issues until March 12, 2025, five days before the fact discovery deadline. If the above issues were important, Defendants could have brought them to the Court's attention anytime prior to the last day of discovery.[2]

**An Extension Should Not Be Granted To Address Disputed Tax Records**: Plaintiff objects to this request as not relevant, overbroad and meant to harass as Plaintiff's tax returns are not necessary to establish her income since her wrongful termination from Defendants. Plaintiff has produced documents sufficient to show her income for the relevant time period, including all IRS Form W-2s and 1099s within her possession, including from Adam Buckner, and Plaintiff's counsel has repeatedly indicated there are no other sources of income. Any other work done in any consulting capacity was not compensated. Defendants have all information regarding all income made by Plaintiff during the relevant time period.

Plaintiff also notes that Defendants have known about her objection to producing tax records since January 2024, when she provided written objections to Defendants' discovery requests and again in November 2024, after her deposition. Defendants now wait until the last day of discovery, after getting an extension in December and not raising the issue with Plaintiff or bringing it to the Court's attention during that extension period. Defendants should not be permitted to continue to delay the case because of their failure to address a known dispute during any of the several discovery extensions that have been granted.

**An Extension Should Not Be Granted To Address Additional Documents:** Regarding mitigation documents between May 2020 and July 2021, again, today, March 17, 2025, is the first time that Defendants have raised this issue. Plaintiff testified that she submitted applications online during that time period, as well as attempted to consult. Plaintiff understands that she has a continuing obligation to supplement documents and will do so, but if there are responsive documents, they only show mitigation efforts and have no bearing on liability and their production should not result in another delay in this case. It should again be noted that Defendants have known about this alleged deficiency for over a year. Further, Plaintiff was not terminated until September 2020, so there would be no mitigation documents between May 2020 and September 2020. In the event that this Court is inclined to allow for a discovery extension, it should be for a very short time, no more than two weeks, and limited for the exclusive purpose of the production of outstanding mitigation documents.

---

[2] Defendants have had text messages since early 2024 and failed to bring up any issue with the production. Plaintiff's counsel realized that some text messages were inadvertently cut-off and immediately attempted to remedy the issue and produced all text messages at 2:41 pm,, today, March 17, 2025. Again, if Defendants had an issue with the production, they have had ample time to raise what was clearly simply an error with production.

Honorable Analisa Torres
March 17, 2025
Page 6

Discovery in this case has been pending for over a year and half and there is no reason to delay any motion for summary judgment or trial if no such motion is contemplated by Defendants, especially for documents that could only go to damages.

    Thank you for your attention to this matter.

                      Respectfully submitted,

                      /s/Ariadne Panagopoulou

                      Ariadne Panagopoulou of
                      LEWIS BRISBOIS BISGAARD & SMITH LLP

Defendants' request for an order compelling Plaintiff to produce documents showing mitigation efforts during the Disputed Period and any income made during that period is GRANTED IN PART and DENIED IN PART. Plaintiff represents that she "has produced documents sufficient to show her income for the relevant time period" and "Defendants have all information regarding all income made by Plaintiff during the relevant time period." Accordingly, Defendants' request for an order compelling Plaintiff to provide her 2021 and 2020 tax returns is denied as moot to the extent Plaintiff understands "the relevant time period" to include the Disputed Period. Counsel for Plaintiff shall confirm or deny Plaintiff's understanding via an email or telephone call to counsel for Defendants today. Defendants' request for an order compelling Plaintiff to produce documents concerning mitigation efforts is granted. Plaintiff shall timely produce any outstanding documents responsive to Defendants' request related to mitigation efforts.

Defendants' request for an extension of fact discovery is GRANTED. Fact discovery shall close on **March 31, 2025**.

The case management conference scheduled for April 7, 2025, is ADJOURNED to **April 21, 2025**, at **10:00 a.m.** in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 36.

SO ORDERED.

Dated: March 18, 2025
      New York, New York

                                                ANALISA TORRES
                                                United States District Judge